

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DARIAN ALEXANDER**
Phone: (212) 356-2174
daalexan@law.nyc.gov
(not for service)

January 31, 2022

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York  10007

Re:  *Thompson v. Carter, et al.*, 21-CV-8982 (LGS)

Dear Judge Schofield:

I am the Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York assigned to the above-referenced action. In filing this letter, I respectfully note that the Office of the Corporation Counsel has not yet appeared in this action nor determined whether it will represent the individually-named defendants.[1]

Plaintiff *pro se* Mitchell Thompson, an inmate in the custody of the New York City Department of Correction at the Vernon C. Bain Center, brings this action seeking redress for alleged violations of his constitutional rights related to his conditions of confinement. By Order dated December 21, 2021 (Dkt. No. 9), the Court ordered that a telephonic conference be held on February 16, 2022 at 4:20 p.m. at which the parties should be prepared to discuss "the possibility of settlement, any possible motions the parties may wish to make, and the schedule for discovery." The Court also directed the parties to confer and jointly submit a proposed case management plan no later than 14 days before said conference—a deadline that would fall on February 2, 2022. For the reasons set forth below, I write to respectfully request that the Court adjourn *sine die* the aforementioned conference and the case management plan submission deadline.

The time for Defendants Carter, Guerra, and Horton to respond to the Complaint is March 7, 2022 (Dkt. No. 10). As noted above, however, the Office of the Corporation Counsel

---

[1] The electronic filing system requires that a listed party be selected as the "filer." For the limited purpose of filing this letter, I will nominally select Defendant Carter, but I do not intend now to appear on Defendant Carter's behalf.

has neither appeared nor determined that it will represent the individually-named defendants. In this regard, it bears noting that one of these defendants has not yet been determined and per the Court's December 7, 2021 Order of Service (Dkt. No. 7), this office must provide to Plaintiff and the Court, by February 7th, 2022[2], information identifying individuals who may be "Captain John Doe." If Plaintiff thereafter files an amended complaint setting forth the same allegations as appear in the Complaint, Defendants will move to dismiss the amended complaint for failure to exhaust administrative remedies and failure to state a claim.

       This is the first request for adjournment in this case, and an adjournment would not affect any other scheduled dates. In light of the case status discussed above and the fact that Plaintiff remains detained, it was not practicable to obtain Plaintiff's consent to this request in a timely fashion.

       Thank you for your consideration of this request.

       Respectfully,

       /s/ Darian Alexander
       DARIAN ALEXANDER
       Assistant Corporation Counsel

CC:   BY US MAIL
      Mitchell Thompson
      NYSID: 12151240P
      B&C: 3492001965
      Vernon C. Bain Center
      1 Halleck Street
      Bronx, New York 10474
      *PRO SE*

Application GRANTED IN PART, DENIED IN PART. The conference scheduled for February 16, 2022, at 4:20 p.m. is ADJOURNED to **March 16, 2022, at 4:20 p.m.** The timing of the conference is approximate. The parties shall call 888-363-4749 using access code 558-3333 and be prepared to proceed when their case is called. The parties' deadline to submit the joint letter and proposed case management plan is adjourned to **March 9, 2022, at noon**.

The Clerk of Court is respectfully directed to mail this Order to pro se Plaintiff.

Dated: February 1, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[2] The Court's Order of Service requires Defendants to provide this information within 60 days of the Order. Sixty days from December 7, 2022 is February 5, 2022, a Saturday, and February 7, 2022 is the first weekday thereafter.