

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**DARIAN ALEXANDER**
(212) 356-2174
daalexan@law.nyc.gov

Application GRANTED.  The conference scheduled for March 16, 2022, at 4:20 p.m. is ADJOURNED to **March 30, 2022, at 4:20 p.m.**

The Clerk of Court is respectfully directed to mail this endorsed letter to pro se Plaintiff at the address on page 4 of this letter.

Dated:  March 9, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**By ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Thompson v. Carter, et al.*, 21-CV-8982

Dear Judge Schofield:

I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to the above-captioned matter. Plaintiff *pro se* Mitchell Thompson, an inmate in the custody of the New York City Department of Correction ("DOC"), brings this action seeking redress for alleged violations of his constitutional rights related to the conditions of his confinement. I write pursuant to Your Honor's February 1, 2022 Order (Dkt. No. 13) directing the parties to submit a joint letter, a copy of the parties' pleadings, and a proposed case management plan in anticipation of the Initial Pretrial Conference scheduled for March 16, 2022 at 4:20 p.m. On March 3, 2022, I sent a draft of an earlier version of this letter and the required enclosures to Plaintiff by overnight mail, and I invited him to contact me if he wished to request any changes. As I have not yet heard from Plaintiff, I submit this letter without his input.

I respectfully note that other filings and Court directives in this matter appear to bear upon Your Honor's February 1, 2022 Order. On March 7, 2022, Defendants filed a pre-motion letter regarding their proposed motion to dismiss wherein they requested a stay of discovery through the pendency of their proposed motion. *See* Dkt. No. 15. On March 8, 2022, in a Memo Endorsement to Defendants' pre-motion letter, Your Honor stayed all discovery in this matter, directed Plaintiff to respond to Defendants' letter by March 22, 2022, and scheduled a pre-motion conference for March 30, 2022. *See* Dkt. No. 17. In light of the stay of discovery, Defendants have omitted the proposed case management plan from this submission. In light of the March 30, 2022 conference, Defendants respectfully request that Your Honor adjourn the Initial Pretrial Conference scheduled for March 16, 2022 to March 30, 2022 so that it may be conducted in tandem with the conference concerning Defendants' proposed motion to dismiss. Defendants respectfully submit that joining these conferences will be more efficient and will

allow the parties to discuss more meaningfully the issues in this case once Plaintiff first has had the opportunity to respond to Defendants' pre-motion letter.

**(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;**

Plaintiff is one of several individual plaintiffs, along with lead *pro se* plaintiff Michael Lee, in a putative class action commenced on October 19, 2021. *See Lee v. Carter, et al.*, 21-cv-8629 (PAE)(RWL). In that action, Plaintiffs alleged that their constitutional rights were violated beginning on October 5, 2021 when they were in DOC custody at the Vernon C. Bain Center ("VCBC"), Housing Unit 3-AA. *See Lee* Complaint (Dkt. No. 3) at 4. Plaintiffs alleged that they were deprived of toilet paper, soap, and a toothbrush for two to three days and that they were not given food or water for seven to eight hours. *See id.* at 4, 5. By Order of the Chief Judge dated November 1, 2021, that action was severed into separate actions wherein each individual plaintiff would appear on his own behalf and plead "his own unique circumstances." *See Lee* Dkt. No. 43. Accordingly, the November 1, 2021 Order became the initial filing in the above-referenced action. *See* Dkt. No. 1.

In accordance with Your Honor's Individual Rules and Procedures for Civil Cases and Civil *Pro Se* Cases, respectively, Defendants filed a pre-motion letter on March 7, 2022 requesting permission to move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and (2) the Complaint fails to meet the legal standard for a conditions of confinement claim. *See* Dkt. No. 15. In a March 8, 2022 Memo Endorsement regarding Defendants' pre-motion letter, Your Honor scheduled a pre-motion conference for March 30, 2022. *See* Dkt. No. 17.

**(2) A brief statement by Plaintiff as to the basis of subject matter jurisdiction and venue, explaining why Plaintiff believes this matter is properly brought before this Court, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue;**

In the Complaint, Plaintiff asserts federal question subject matter jurisdiction based on alleged violations of his Eighth and Fourteenth Amendment rights. Plaintiff further asserts that the events giving rise to his claims occurred while he was incarcerated in VCBC on Rikers Island.

Defendants do not deny that subject matter jurisdiction exists or that venue is proper.

**(3) A brief description of any (i) motions that have been made and decided, (ii) motions any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the status conference;**

As noted above, Defendants filed a pre-motion letter on March 7, 2022 requesting permission to move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff (1) failed to exhaust his administrative remedies and (2) failed to state a conditions of confinement claim. Your Honor has scheduled a pre-motion conference for March 30, 2022. *See* Dkt. No. 17.

**(4) A copy of any scheduling order currently in place and a brief description of any discovery that has already taken place, and any discovery that should be prioritized to determine whether the case should be settled and for how much, or tried;**

There is no scheduling order in place, and no discovery has taken place. Furthermore, on March 7, 2022, Your Honor stayed all discovery in this matter. *See* Dkt. No. 17.

In their pre-motion letter, Defendants proposed the following briefing schedule:

- Defendants' motion to dismiss shall be filed by April 4, 2022;
- Plaintiff's opposition, if any, shall be filed by May 2, 2022;
- Defendants' reply, if any, shall be filed by May 23, 2022.

**(5) A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii);**

In the Complaint, Plaintiff seeks $5,000 in punitive damages, $1,500 in compensatory damages, and "any other monetary damages awarded to the Plaintiff(s) to be determined by the Court." Plaintiff further seeks injunctive relief as follows: an order (1) "deterring the Defendant[s]" and other DOC staff "from using corporal punishment" and (2) "provid[ing] the facility inmates [and] detainees the [hygiene] material[s]" that DOC policy mandates.

**(6) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and**

The parties have not discussed settlement, and Defendants do not request a settlement conference at this time.

**(7) Any other information that the parties believe may assist this Court in resolving the action.**

As set forth above, Defendants respectfully request that the Initial Pretrial Conference scheduled for March 16, 2022 be adjourned to March 30, 2022 so that it may be held in tandem with the conference concerning Defendants' proposed motion to dismiss.

Respectfully,

/s/ Darian Alexander
DARIAN ALEXANDER
Assistant Corporation Counsel

Encl.

**CC:**      <u>**By U.S. Mail**</u>
Mitchell Thompson
NYSID: 12151240P
B&C: 3492001965
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, New York 11370
*PRO SE*