UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                       :

MITCHELL THOMPSON,               :
                  Plaintiff,   :

                               :         21 Civ. 8982 (LGS)
          -against-        :

                               :      **OPINION AND ORDER**

WARDEN CARTER, et al.,        :
                   Defendants. :
--------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      Pro se Plaintiff Mitchell Thompson brings this action against Defendants, who are four

officials of the Vernon C. Bain Center ("VCBC") at Rikers Island, for alleged violations of his

rights under the Fourteenth Amendment to the United States Constitution under 42 U.S.C. §

1983.  Defendants move to dismiss this action.  For the reasons below, the motion is granted.

## I.    BACKGROUND

      The following facts are taken from the Complaint[1] and are assumed to be true for

purposes of this motion.  *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959

F.3d 509, 512 (2d Cir. 2020).  Plaintiff and several others housed at VCBC, Housing Unit 3-AA,

were deprived of toilet paper, soap, and toothbrushes for approximately two to three days.  After

the individuals brought this to the attention of facility staff, Plaintiff was placed in hand

restraints and taken to the facility's Intake Holding Cells, where he was subjected to corporal

punishment and not fed or given water or access to a working toilet for 7 to 8 hours.  Defendants

are the officials responsible for ensuring that Plaintiff and others detained in his housing unit

---

[1] Plaintiff is one of several individuals who joined a putative *pro se* class action complaint dated
October 12, 2021, filed by lead plaintiff Michael Lee on October 20, 2021.  *See Lee v. Carter*,
No. 21 Civ. 8629 (S.D.N.Y).  In an order dated November 1, 2021, Chief Judge Swain severed
the claims of all plaintiffs other than Mr. Lee into separate actions, including this one.  The *Lee*
Complaint is the operative Complaint in this action.

have access to essential goods, and are responsible for placing Plaintiff in the Intake Holding

Cells and for the harsh conditions experienced there.

## II.     STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and

draws all reasonable inferences in favor of the non-moving party but does not consider

"conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von*

*Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted).  To withstand a

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d

842, 854 (2d Cir. 2021) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v.*

*UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for the Complaint

to allege facts that are consistent with liability; it must "nudge[]" claims "across the line from

conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch*

*v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).  To survive dismissal, "plaintiffs must provide the

grounds upon which [their] claim rests through factual allegations sufficient to raise a right to

relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir.

2019) (alteration in original) (internal quotation marks omitted).

Courts must "afford a pro se litigant 'special solicitude' by interpreting a complaint filed

pro se to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*,

879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks omitted); *accord Green v. Dep't of*

*Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

### III.   DISCUSSION

The Complaint is dismissed because it is apparent from the face of the Complaint that Plaintiff failed to exhaust his administrative remedies.  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "The PLRA requires 'proper exhaustion' of administrative remedies, meaning exhaustion in 'compliance with an agency's deadlines and other critical procedural rules.'"  *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corrs. & Cmty. Supervision*, 16 F.4th 67, 81 (2d Cir. 2021).

"[A]side from the 'significant' textual qualifier that 'the remedies must indeed be "available" to the prisoner,' there are 'no limits on an inmate's obligation to exhaust . . . .'"  *Hayes v. Dahlke*, 976 F.3d 259, 269 (2d Cir. 2020) (internal quotation marks omitted) (alterations in original).  "[A]n administrative remedy is *de facto* unavailable and, thus, exhaustion is not required: (1) where the process 'operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) where the process is 'so opaque that it becomes, practically speaking, incapable of use'; and (3) 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'"  *Saeli v. Chautauqua County*, 36 F.4th 445, 453 (2d Cir. 2022) (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)).

"Failure to exhaust is an affirmative defense under the PLRA" and therefore "a plaintiff need not plead administrative exhaustion in his complaint."  *Hickman v. City of New York*, No. 20 Civ. 4699, 2021 WL 3604786, at *2 (S.D.N.Y. Aug. 12, 2021).  It stands to reason that a

plaintiff similarly need not plead alternatively the unavailability of administrative exhaustion. "[D]ismissal may be granted at the pleading stage for failure to exhaust if the defense 'appears on the face of the complaint.'" *Hickman,* 2021 WL 3604786, at *2 (collecting cases).

"At Rikers Island, grievance procedures are governed by the Inmate Grievance and Request Program ('IGRP')." *Id.* at *3. Courts in this Circuit routinely take judicial notice of the IGRP. *Id.* "The IGRP applies to '[a]ny inmate who is directly and personally affected by an issue, condition, practice, service, or lack of an accommodation with regard to any issue that may arise in connection with their incarceration or action relating to their confinement." *Massey v. City of New York*, No. 20 Civ. 5665, 2021 WL 4943564, at *7 (S.D.N.Y. Aug. 30, 2021) (alteration in original).

The version of the IGRP effective as of December 10, 2018, requires the following steps: First, the aggrieved person may submit a grievance to the Office of Constituent and Grievance Services ("OCGS"). N.Y.C. Dep't of Corr., Directive 3376R-A at § V (December 10, 2018), https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf. The Grievance Coordinator must propose a resolution within seven business days. *Id.* at § VI.A.1. Second, if the aggrieved person is not satisfied with OCGS's proposed resolution, the aggrieved person may appeal to the facility's Commanding Officer. *Id.* at § VI.A.6.ii. OCGS must forward the appeal to the Commanding Officer within one business day, and the Commanding Officer must render a disposition within five business days of receiving it. *Id.* at § VII.A, B. Third, if the aggrieved person is not satisfied with the Commanding Officer's disposition, the aggrieved person may appeal to the facility's Division Chief within two days. *Id.* at § VII.D. OCGS must forward the appeal to the Division Chief within one business day, and the Division Chief must render a disposition within five business days of receiving it. *Id.* at § VIII.A, B. Fourth, if the aggrieved

4

person is not satisfied with the Division Chief's disposition, the aggrieved person may appeal to the Central Office Review Committee ("CORC") within two days. *Id.* at §§ VIII.B, IX. OCGS must forward the appeal to the Director of Constituent and Grievance Services within one business day, and the CORC must generally render a disposition within five business days of receiving it. *Id.* at § IX.B, D-F. "[T]o satisfy the exhaustion requirement, an inmate must use all available administrative mechanisms, including appeals, 'through the highest level for each claim.'" *Ford v. Aramark*, No. 18 Civ. 2696, 2020 WL 377882, at *4 (S.D.N.Y. Jan. 23, 2020); *accord Massey*, 2021 WL 4943564, at *7.

Here, it is apparent that Plaintiff did not exhaust administrative remedies given the duration of the exhaustion process and the time between the events alleged and the filing of the Complaint. The Complaint alleges that the incident at issue took place on October 5, 2021. The Complaint was delivered to jail officials on October 12, 2021, and the Complaint was received by the Court on October 20, 2021. Thus, only fifteen days elapsed between the incident and the filing of the Complaint. Even assuming that Plaintiff filed a grievance the same day as the incident and immediately appealed every adverse decision, he could not have exhausted his appeals. The facility was entitled to take twenty-five days or more to resolve all levels of appeal. Courts in this district "have dismissed claims as a matter of course because it would have been temporally impossible for the plaintiffs to have exhausted their administrative remedies before filing the complaints," where "the period between the date of the alleged incident and the filing of the complaint was 21 or fewer days." *Miller v. Annucci*, No. 17 Civ. 4698, 2019 WL 4688539, at *12 (S.D.N.Y. Sept. 26, 2019) (collecting cases).

Plaintiff has not suggested in response to this motion that the administrative procedures of the IGRP were unavailable to him. Had he done so, the Court likely would have converted the

motion into one for summary judgment under Rule 12(d).  *See* Fed. R. Civ. P. 12(d); *see, e.g.,*
*Richardson v. Jakubowski*, No. 16 Civ. 6038, 2019 WL 4674199, at *2 (W.D.N.Y. Sept. 25,
2019).  Although the Complaint alleges acts of violence, unavailability of administrative
remedies under the PLRA cannot be "based upon an act of violence or other hostile
act . . . because of a generalized fear that any grievance or complaint could lead to more
violence . . . ."  *Lucente v. County of Suffolk*, 980 F.3d 284, 312 (2d Cir. 2020).  Administrative
procedures also were not unavailable merely because the IGRP, at § V.D, prohibits grievance
class actions, since the individual plaintiffs here were still able to file their own individual
grievances.  *See Green Haven*, 16 F.4th at 81.

Because Plaintiff is pro se, he is granted leave to respond to Defendants' motion by filing
a letter with the Court alleging any facts showing that the IGRP grievance process was de facto
unavailable to him, for example, in one of the three ways listed above.  Should he choose to do
so, he shall file such letter with the Court no later than July 28, 2022.  If Plaintiff chooses not to
file such a letter, the case will be dismissed without prejudice for failure to exhaust
administrative remedies.  *See Hayes*, 976 F.3d at 272 ("And it is well-settled that '[s]ubsequent
exhaustion after suit is filed . . . is insufficient' and 'will not save a case from dismissal.'")
(alteration in original).  In other words, Plaintiff would be permitted to exhaust his administrative
remedies and then file a new action based on the same underlying facts.

## IV.    Conclusion

For the foregoing reasons, the Court reserves judgment on Defendants' motion to dismiss
pending receipt of any supplemental submission by Plaintiff by July 28, 2022, as outlined above.

Dated: July 7, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6